IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STEVE LEE CHANDLER,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-08-348-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Steve Lee Chandler (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 25, 1962 and was 45 years old at the time of the ALJ's decision. He completed his education through the seventh grade. Claimant has engaged in past relevant work as a cement truck driver. Claimant alleges an inability to work beginning August 24, 2005 due to degenerative disk disease and

3

paresthesias in his left leg.

## Procedural History

On November 9, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications for benefits were denied initially and upon reconsideration. On December 13, 2007, Claimant appeared at a hearing before ALJ Charles Headrick in Tulsa, Oklahoma. By decision dated January 25, 2008, the ALJ found Claimant was not disabled at any time through the date of the decision. On June 27, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to find his paresthesias in his left leg was not a

severe impairment at step two; (2) failing to engage in a proper credibility evaluation; (3) failing to give a functional capacity evaluation by a certified functional evaluator significant weight; (4) engaging in a faulty RFC analysis; and (5) finding Claimant could perform certain jobs identified in the ALJ's decision when he cannot.

### Additional Severe Impairments

In his decision, the ALJ determined Claimant's sole severe impairment was degenerative disk disease. (Tr. 19). Claimant contends his condition of paresthesias in his left leg should have been considered as a separate, additional impairment. It is true that Claimant's treating physician, Dr. Ben Cheek, found Claimant suffered from back pain attributable to a herniated lumbar disk as well as a separate diagnosis for paresthesias in his left leg. (Tr. 196, 198).

Similarly, Claimant underwent a consultative examination by Dr. Wojciech Dulowski on March 15, 2006. Dr. Dulowski found no deficiencies in reflexes, strength or coordination but did find sensory deficit in non-dermatomal distribution over the left thigh. He also noted Claimant walked with a limp to the left side, had difficulty walking on heels or tiptoes, but had good safety stability. Dr. Dulowski's final assessment was chronic back pain,

5

secondary due to left para central foraminal disk herniation L4-L5 with degenerative arthropathy of lumbar spine. (Tr. 200-01).

In step two of the sequential evaluation process, the claimant bears the burden of making "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). The step two determination is based on medical factors alone. Id. at 750. The claimant must make a "de minimis showing of medical severity" or the evaluation process ends, and benefits are denied. Id. at 751.

At best, Claimant has demonstrated through the objective medical evidence that he suffers from a numbness to his left thigh. He has not shown that the condition is causing an impairment in his functioning separately from his degenerative disk disease. Moreover, no medical testing indicates that the condition is debilitating to his ability to work. Claimant has failed to make the de minimus showing of severity on this condition.

### Credibility Evaluation

Claimant also contends the ALJ did not properly assess his credibility. The ALJ found Claimant's assertions of disabling pain were not entirely credible because (1) Claimant's daily activities of living in his own residence and attending to his personal needs

were inconsistent with disabling levels of pain; (2) Claimant was able to care for his grandson; (3) Claimant was able to assist his pastor in with home and yard maintenance; (4) Claimant only takes over-the-counter medications for pain; (5) Claimant stopped working in 2005 to take care of his ill father rather than for reasons related to his allegedly disabling impairments; and (6) Claimant's treating physicians did not place any functional restrictions on his activities that would preclude light work. (Tr. 23).

The primary challenge brought by Claimant as to the ALJ's credibility assessment is to the statement in the ALJ's decision that "[t]he claimant has not generally received the type of treatment one would expect for a totally disabled individual. The record reflects treatment gaps and infrequent trips to the doctor for the allegedly disabling symptoms." (Tr. 22). Claimant contends he did not regularly seek medical assistance due to his financial condition - a basis which cannot be held against him by the ALJ. Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993). As Defendant acknowledges, Claimant testified he was aware of the availability of no cost or low cost medical care at the Good Samaritan Clinic, thought about going, "but was holding off on that." (Tr. 186). This lends credence to the ALJ's finding concerning the sporadic record of medical care.

As for the remainder of the bases provided by the ALJ for finding Claimant's testimony less than credible, it is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ's

credibility findings are supported by the record.

**Consideration of the Functional Capacity Evaluation**

On November 12, 2007, Claimant was evaluated by DWD Testing, Inc., a certified functional evaluator. The evaluator found Claimant could occasionally carry up to 20 pounds, occasionally push, pull, balance, stoop, crouch, kneel, reach, and climb stairs. He determined Claimant would require a change from sit to stand after 15 to 20 minutes of continuous activity and would be required to take frequent breaks throughout the workday. (Tr. 222). He also noted Claimant exhibited decreased lumbar range of motion that limited his ability to perform all tasks that requires lumbar flexion and limited his tolerance for stooping, bending, and twisting. He did not believe Claimant was exaggerating his condition. The evaluator concluded Claimant demonstrated the ability to perform work at a very low level due to decreased general mobility and performed back related functions at the occasional frequency level. He did not believe Claimant could work an 8 hour workday. (Tr. 223).

The ALJ related these findings in his decision. (Tr. 22). He concluded, however, that the evaluator "is not a physician nor qualified to render a medical opinion." The ALJ considered the evaluator an "other source" but found the opinion was not supported

by other medical evidence in the record. (Tr. 22-23). This was an appropriate evaluation of the weight which the evaluator's opinions should be given. 20 C.F.R. § 404.1513(d); 20 C.F.R. § 416.913(d). This Court does not agree with Claimant's contention that the medical record is "full of evidence" of Claimant's impairment. To the contrary, no physician has placed Claimant on the level of restrictions he now asserts would preclude work. The ALJ did not err in considering the evaluator's report.

### RFC Analysis

Claimant contends the ALJ should have considered additional restrictions to Claimant's RFC. Claimant asserts he needs to change positions frequently, primarily citing the evaluator's report. As stated, the ALJ gave that report the reduced consideration to which it was entitled. Claimant also contends fatigue should have been an additional restriction. No medical evidence in the record supports such a finding. Rather, only Claimant has asserted he is fatigued. Claimant states further that the ALJ should have included restrictions for reaching, pushing and pulling in his RFC assessment. However, Claimant testified he could perform these tasks. (Tr. 49-50). His testimony was further supported by the consultative examiner. (Tr. 201). The ALJ's RFC assessment was appropriate.

### Identification of Jobs

As a final issue, Claimant contends he cannot perform the jobs identified by the vocational expert and the ALJ in his decision. To that end, Claimant asserts the ALJ inquired of the vocational expert without including all of his restrictions. The ALJ accurately related Claimant's limitations in his hypothetical questioning of the vocational expert that were supported by the medical record. (T. 58-63); Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). As a result, this Court finds no error in the jobs identified by the ALJ which Claimant should be able to perform based upon his limitations.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 29th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE